UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

LAURA PEGLER,  :

        Plaintiff,  :  **AMENDED** ORDER

        -against-  :  18 Civ. 4675 (KMK) (LMS)

TELEVISION EQUIPMENT ASSOC., et al.,  :

        Defendants.  :

---------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/6/20

By letter[1] dated August 3, 2020, Plaintiff's counsel sought to enforce this Court's ruling, issued July 10, 2020, that Defendant Television Equipment Associates, Inc. ("TEA") was to reimburse Plaintiff for the interest and attorneys' fees incurred as a result of the Plaintiff having sought and obtained enforcement of the Settlement Agreement previously entered into by the parties. Defendants' counsel opposes the Order on the grounds that the original settlement agreement did not envision that attorneys' fees would be awarded in the situation before the Court, and on the grounds that the submitted fees are not reasonable. For the reasons set forth herein, the undersigned awards Plaintiff interest in the amount of $94.84 and attorneys' fees in the amount of $6,111.

Having been involved throughout the discussion of possible settlement in this matter, it is my understanding that the reference during the oral statement of the settlement agreement on March 14, 2019, with regard to attorneys' fees (see n. 2, p. 2, of Defendants' counsel's letter of

---

[1] The letters submitted to the Court with regard to this pending issue relate to the settlement itself, which is confidential, and therefore are being filed under seal simultaneously with issuance of this Order.

August 20, 2020, filed under seal) was truly intended to apply to any effort to obtain review of any party's conduct pursuant to the agreement, including review by this Court, which was envisioned and included in the agreement ("Any issues regarding enforcement of the settlement except calculation [of the appropriate amount[2]] will be brought before [the undersigned] and the Court will retain jurisdiction for purposes of resolving any issues relating to enforcement of the settlement." Conference March 14, 2019).

The Court's review of the claimed attorneys' fees leads to the conclusion that a substantial part of the time expended was necessary because new counsel, who had not been involved in the settlement negotiations or settlement agreement, were brought in to handle this matter at this stage. As a result, time was expended throughout which would not have been necessary, at least not to that degree, if counsel at this time had also been involved in the settlement process. I therefore conclude that the claimed amount of Mr. Licare's work[3], at 19.4 hours, is excessive, and reduce the hours by 30% to 13.58 hours, for a payment due of $6,111. No information has been provided to justify the Federal Express cost, so I do not award it.

Defendants have not opposed the payment of interest on the settlement amount, and therefore the interest payment of $94.84 is ordered to be paid by Defendant TEA.

For these reasons Defendant TEA is ordered to pay to Plaintiff the total amount of $6,205.84.

This constitutes the Decision and Order of the Court.

Counsel is hereby notified that although the undersigned maintained jurisdiction of this

---

[2] The actual language is omitted as it includes settlement language that is confidential.

[3] Counsel has already agreed not to claim the $450.00 for the work of Amber T. Wallace.

matter for purposes of enforcing settlement, the upcoming retirement of the undersigned would prevent the undersigned from doing so in future. Cases assigned to the undersigned will be reassigned to a different Magistrate Judge, and counsel will be notified of that reassignment.

Dated: October 6, 2020
      White Plains, New York

SO ORDERED,

_____
Paul E. Davison
United States Magistrate Judge
Southern District of New York

(For LMS as to typographical correction.)